UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SOUTHEASTERN PIPETRADES HEALTH AND WELFARE FUND, ) ) ) Plaintiff, ) ) v. ) ) ) FRIEDMAN, RODMAN & FRANK, P.A., ) ANN M. GREEN, ADMINISTRATOR FOR ) THE ESTATE OF DONNA MARIE ) OSTENDORF, and HENRY R. OSTENDORF, ) ) Defendants. ) | Civil Action No. 3:13-cv-809 *Judge Campbell* *Magistrate Judge Knowles* |

# INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the Court enters the following Case Management Order:

1. **Status of Service of Process, Pleadings and the Parties**

The Plaintiff in this action is the Southeastern Pipetrades Health and Welfare Fund. The Defendants are Friedman, Rodman & Frank, P.A., Ann M. Green, Administrator for the Estate of Donna Marie Ostendorf, and Henry R. Ostendorf. The parties were served 8/19/13, 8/19/13, and 8/30/13, respectively.

2. **Jurisdiction and Venue**

Jurisdiction of the Court was invoked under 29 U.S.C. §§ 1132(a)(3), 1331 and 1337. Venue was based upon 29 U.S.C. § 1132(e)(2). It is the position of the Plaintiff that jurisdiction and venue are not in dispute.

3. **Plaintiff's Theories**

The Plaintiff theorizes that Defendants are responsible to reimburse Plaintiff for sums paid by Plaintiff for medical expenses incurred by Henry R. Ostendorf and Donna Marie Ostendorf.

4. **Defendants' Theories**

{001441/13209/00307059.DOCX / Ver.2}   1

a. Friedman, Rodman & Frank, P.A. and Henry R. Ostendorf – Defendants jointly claim that Plaintiff is not a proper party Plaintiff under 502(a)(3) of ERISA; Plaintiff has failed to state a claim upon which relief can be granted. Defendant, Friedman, Rodman & Frank, P.A. would state that they are an improper party to this action as they are no longer in possession of any monies for subrogation or reimbursement interests, if any due and owing to the Plaintiffs and FRCP Rule 11 applies to any claims against this Defendant; Defendant, Friedman, Rodman & Frank, P.A would further state that they are entitled to attorney's fees and costs for recovery obtained on behalf of the Plaintiffs as well as the other interested parties; Defendant, Friedman, Rodman & Frank, P.A would also state that "The Plan Documents" are ambiguous as to reimbursement and allocation of attorney's fees and costs and should otherwise be construed against the drafters. As further defenses, Defendant, Friedman, Rodman & Frank, P.A, would state that the Plaintiffs are equitably estopped from complete reimbursement and recovery, a finding otherwise would result in unjust enrichment to the Plaintiffs. The principles of promissory estoppel based on detrimental reliance by the plan participants apply. Florida law regarding, personal injury and wrongful death damage recovery is controlling in this matter as the accident, which is the subject matter of the underlying recovery and demise occurred in the State of Florida. The "Plan Document" is subject to the Common Fund doctrine and equitable principles represent the best evidence of the parties' intent.

As to the defenses of the Administrator of the Estate of Donna Marie Ostendorf, the Defendant would state that the recovery of Lisa Jones and Tami Jones, as neither plan participants nor lineal descendants of "The Plan" is not subject to reimbursement or subrogation interest as the plan at issue is ambiguous in this regard. Defendant, Henry Ostendorf, does state as an affirmative defense, that all conditions precedent by the Plaintiffs have not been met. That the Plaintiffs are attempting to recover contrary to public policy and "The Plan" language contains ambiguities to

material terms and conditions. That any recovery by "The Plan" participant has been made a mistake. That the Defendants are estopped equitably and by promissory estoppel as the Defendant, Henry Ostendorf, detrimentally relied on misrepresentations and ambiguities in "The Plan" documents. Several of the payments at issue (e.g., see Complaint at paragraph 13c, 13d, and 13e) do not fall within the scope of the Fund's reimbursement provisions and are not subject to equitable relief under § 502(a)(3) of ERISA. Defendant's claims are moot in regard to several of the payments at issue (e.g., see Complaint at paragraph 13a) because Defendant has already obtained the monetary equivalent of the equitable relief that it seeks. Equitable relief is not available in regard to several of the payments at issue (e.g., see Complaint at 13a and 13b) because the funds at issue cannot be equitably identified.

      b.     Ann M. Green, Administrator for Estate of Donna Marie Ostendorf – The Administrator's theory is that the funds in her possession, with the arguable exception of a payment of $10,000 made to Henry Ostendorf for injuries he received, are not subject to any claim by the fund. Her theory is, at present, the same as that of the other Defendants. Because the Administrator primarily occupies the position of a fiduciary acting as a stakeholder, and because the other parties have indicated a willingness to attempt alternative dispute resolution, the Administrator wishes to avoid the expense to the estate of answering and defending if it appears that mediation can occur relatively quickly. She will actively participate in mediation and will agree to be bound by a settlement agreement. If it appears that mediation or other alternative dispute resolution cannot occur within approximately 90 days, the Administrator believes that it would be in the best interest of the estate for her to answer and defend the case. Until that time, she reserves all defenses as to venue, jurisdiction, and service of process.

{001441/13209/00307059.DOCX / Ver.2}     3

Case 3:13-cv-00809   Document 44   Filed 12/23/13   Page 3 of 5 PageID #: 137

5. **Identification of Issues for Resolution**

Under the circumstances here involved what amount and type of relief, if any, should enter against Defendants and in favor of Plaintiff.

6. **Dispositive Motions**

Plaintiff believes the issues in this action are susceptible of resolution by a dispositive motion.

7. **Settlement Discussions**

The parties have engaged in preliminary settlement discussions.

8. **Additional Matters**

a. All other motions to amend the pleadings or to add additional parties shall be filed by April 12, 2014.

b. All discovery motions shall be filed within 10 days after the close of discovery. All discovery shall be completed by May 30, 2014.

c. All dispositive motions shall be filed by June 30, 2014. Any response shall be filed within 30 days after the filing of the motion. Any reply, if necessary, shall be filed within 14 days after the filing of the response.

d. There shall be no stay of discovery prior to the completion of discovery even if a dispositive motion is filed prior thereto.

9. **Pretrial Conference and Trial**

The target (non-jury) trial date is October 28, 2014, and anticipate the trial will last one day.

IT IS SO ORDERED.

_____
E. CLIFTON KNOWLES
U.S. Magistrate Judge