UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SOUTHEASTERN PIPETRADES HEALTH AND WELFARE FUND, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:13-cv-809 |
| v. | ) ) ) | *Judge Campbell* *Magistrate Judge Knowles* |
| FRIEDMAN, RODMAN & FRANK, P.A., ROBYN SMITH ELLIS, ADMINISTRATOR FOR THE ESTATE OF DONNA MARIE OSTENDORF, and HENRY R. OSTENDORF, | ) ) ) ) ) | |
| Defendants. | ) | |

## AMENDED CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the Court enters the following Amended Case Management Order:

1. **Status of Service of Process, Pleadings, and the Parties**

The Plaintiff in this action is the Southeastern Pipetrades Health and Welfare Fund.

The Defendants are Friedman, Rodman & Frank, P.A., Robyn Smith Ellis, Administrator for the Estate of Donna Marie Ostendorf, Henry R. Ostendorf, and two Third-Party Defendants, Tami M. Jones and Lisa M. Jones. Friedman, Rodman & Frank, P.A. and Mr. Ostendorf were served on 8/19/13 and 8/30/13, respectively. Ms. Ellis's predecessor in interest, Ann M. Green, was served on 8/19/13. The Third-Party Defendants were served on 7/9/14 and 7/1/14, respectively.

The Defendants and Third-Party Defendants have filed answers.

2. **Jurisdiction and Venue**

Jurisdiction of the Court was invoked under 29 U.S.C. §§ 1132(a)(3), 1331, and 1337. Venue was based upon 29 U.S.C. § 1132(e)(2). All parties agree that jurisdiction and venue are proper in this Court.

3. **Plaintiff's Theories**

The Plaintiff theorizes that Defendants are responsible to reimburse Plaintiff for sums paid by Plaintiff for medical expenses incurred by Henry R. Ostendorf and Donna Marie Ostendorf.

4. **Defendants' Theories**

   a. Friedman, Rodman & Frank, P.A. – The theories of this Defendant were set forth in the initial Case Management Order (Docket Entry no. 44).

   b. Robyn Smith Ellis, Administrator for the Estate of Donna Marie Ostendorf – The theories of this Defendant were set forth in the initial Case Management Order (Docket Entry no. 44).

   c. Henry R. Ostendorf – The theories of this Defendant were set forth in the initial Case Management Order (Docket Entry no. 44).

5. **Third-Party Defendants' Theories**

Both Third Party Defendants, Tami M. Jones and Lisa M. Jones, share the same theories of the case. The Third Party Defendants subscribe to the theories of the Defendants in as far as they remain applicable. Further, the Third Party Defendants view the Fund documents as providing a potentially inequitable amount of leeway to the administrators of the benefit Fund. Under the wording of the Fund as regards the amount of subrogation recovery the administrators can lessen the amount of recovery for some users of the Fund, but need not extend that same

courtesy to others. This could lead to a situation where this Court is enforcing inequitable behavior and therefore this Court should enforce the maximum amount of leeway in lessening subrogation recovery in every case.

Further, the Third Party Defendants do not have as much history of this case as other parties may have. That being said, the Third Party Defendants are aware that health insurance subrogation in personal injury cases is commonplace. One or more parties could, and therefore should, have resolved any subrogation issues before any distribution of settlement funds was made. Such an effort would have cost less than this proceeding. It would be inequitable to levy the full cost of this proceeding on the Third Party Defendants directly, or indirectly through reduction of their inheritance through the award of attorney fees or costs against the funds held by the Estate of Donna Marie Ostendorf.

Further, Third Party Defendants show that Henry Ostendorf is, and should be, estopped from seeking compensation from the monies held in the Estate of Donna Marie Ostendorf. If, as Mr. Ostendorf alleges, he is at fault in the accident, he cannot gain monies from her estate under Florida or Tennessee law. Additionally, he had an obligation under law to provide for his spouses medical expenses and therefore should not be allowed to deplete funds from the Estate of Donna Marie Ostendorf that may need to be paid as medical bill subrogation.

6. **Identification of Issues for Resolution**

Under the circumstances here involved, what amount and type of relief, if any, should enter against Defendants or Third-Party Defendants and in favor of Plaintiff.

7. **Dispositive Motions**

Plaintiff believes the issues in this action are susceptible to resolution by a dispositive motion.

8. **Settlement Discussions**

The parties have engaged in preliminary settlement discussions.

9. **Additional Matters**

   a. To the extent not already provided, the parties should make the disclosures required by Fed. R. Civ. P. 26(a) on or before October 2, 2014.

   b. All discovery shall be completed by December 12, 2014. Any discovery motions shall be filed by December 22, 2014.

   c. Any dispositive motion shall be filed by January 12, 2015.
..

   d. There shall be no stay of discovery prior to the completion of discovery, even if a dispositive motion is filed prior thereto.

10. Trial:

The Parties suggest a target trial date of May 12, 2015, and anticipate teh trial will last one day.

IT IS SO ORDERED.

*E. Clifton Knowles*
E. CLIFTON KNOWLES
United States Magistrate Judge